Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
**PANEL XII**

| | | |
|---|---|---|
| VS PR, LLC<br><br>Apelada<br><br><br>v.<br><br>ORC MIRAMAR CORPORATION; Y OTROS<br><br>Apelantes<br><br><br>. | KLAN202500128 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm.: SJ2021CV01553<br><br>Sobre:<br>COBRO DE DINERO, ORDINARIO Y OTROS |

Panel integrado por su presidenta, la Jueza Grana Martínez, el Juez Candelaria Rosa y la Jueza Díaz Rivera.

Grana Martínez, Jueza Ponente

### SENTENCIA

En San Juan, Puerto Rico, a 30 de abril de 2025.

Los apelantes, ORC Miramar Corporation y otros, en adelante ORM, solicitan que revoquemos la Sentencia Parcial en la que el Tribunal de Primera Instancia desestimó sin perjuicio la Reconvención Enmendada y la Demanda Contra Tercero Enmendada presentada por estos durante en el proceso en su contra. Por su parte, la apelada VS PR, LLC en adelante VS, presentó su oposición al recurso de apelación.

Posteriormente ORC presentó Urgente Moción en Auxilio de Jurisdicción, solicitud que fue rechazada por este foro. Aún inconforme presentó Urgente Segunda Moción en Auxilio de Jurisdicción Solicitando Paralización Procedimientos y Suspensión de Vista, petición que rechazamos. Los hechos pertinentes para atender la controversia que hoy atendemos son los siguientes.

I

VS presentó una demanda de cobro de dinero, ejecución de hipoteca y gravámenes contra ORC y otros. La demanda incluyó las alegaciones siguientes. El 16 de noviembre de 2012 el Banco de Desarrollo Económico otorgó un préstamo a ORC por cuatro millones seiscientos mil dólares ($4,600.000). Los codemandados garantizaron el cumplimiento solidario de la obligación. El préstamo tenía un término de cinco años, a partir del 16 de noviembre de 2012 y vencedero el 5 de diciembre de 2017. ORC se obligó a realizar cincuenta y nueve (59) pagos mensuales de treinta cuatro mil doscientos sesenta y cuatro dólares con noventa centavos. ($34,264.90) y un último pago por el balance insoluto de principal e intereses y reserva, si aplicaba a la fecha de vencimiento. ORC y los garantizadores solidarios otorgaron un pagare de caja a BDE o a su orden por cuatro millones seiscientos mil dólares ($4,600.000). La hipoteca gravaba el inmueble descrito en la demanda. Los demandados, además, otorgaron otras garantías que constan en la demanda. Por último, las partes acordaron que todas las colaterales provistas en el préstamo del año 2012 garantizarían cualquier otra deuda de ORC con el Banco de Desarrollo existente o futura y viceversa.[1]

Según surge de la demanda, el 19 de diciembre de 2014 las partes suscribieron otro préstamo de setecientos sesenta mil dólares ($760,000). Los codemandados garantizaron solidariamente el cumplimiento de la obligación. La vigencia era de quince (15) años. a partir de lo que ocurriera primero entre la conclusión del término interino de seis (6) meses o la terminación de las mejoras. ORC garantizó el cumplimiento con un pagaré de caja a favor de BDE por setecientos sesenta mil dólares ($760,000) y otro hipotecario por la

---

[1] Véase Demanda, página 1 a 17 del apéndice.

misma cantidad. Las partes acordaron acelerar el término de vencimiento en caso de incumplimiento. Igualmente acordaron que el incumplimiento del préstamo del año 2012 significaba el incumplimiento del préstamo del año 2014. Los otorgantes ampliaron la hipoteca del año 2012, para añadir el pagaré de año 2014 y aumentaron el préstamo a cinco millones trecientos sesenta mil dólares ($5,360.000.00).[2]

La demanda también incluyó las alegaciones siguientes. El 15 de mayo de 2017, VS adquirió todos los derechos de BDE sobre ambos prestamos, sus pagarés hipotecarios y otras garantías. El préstamo fue transferido a VS PR. ORC incumplió con el pago del préstamo del año 2012. VS también dio por incumplido el préstamo del 2014, y exigió el cumplimiento de ambos préstamos. Sus gestiones para exigir el cumplimiento extracontractualmente fueron infructuosas. VS solicitó al TPI que declarara vencida las obligaciones de ambos préstamos, ordenara la ejecución de la hipoteca ampliada y condenara a los demandados al pago solidario de las cantidades que especificó en la demanda.

Por su parte, los apelantes contestaron la demanda y presentaron una Reconvención y Demanda Contra Tercero. Posteriormente, presentaron Reconvención y Demanda Contra Tercero Enmendadas.[3] La apelada solicitó la desestimación de ambos escritos afirmando que las alegaciones no establecían una causa de acción que justificara la concesión de un remedio.[4]

Además, VS alegó que la apelante le atribuyó culpa, negligencia, incumplimiento y dolo y reclamó una indemnización por daños. Según VS esas alegaciones eran genéricas, excesivamente

---

[2] Véase Demanda, página 1 a 17 del apéndice.
[3] Véase Contestación Enmendada a la Demanda (Reconvención Enmendada y Demanda contra Tercero Enmendada), páginas 228-259 del apéndice.
[4] Véase Moción de Desestimación en torno a la Reconvención Enmendada y, Moción de Desestimación de Demanda contra Terceros Enmendada, páginas 270 a 327 del apéndice.

amplias y meras conclusiones, porque la apelante se limitó a incluir palabras como, culpa, negligencia, dolo, temeridad e ilegalidad, sin más. VS argumentó que la apelante alegó que (1) le exigió el pago en el año 2017 y en el mes de mayo del año 2019, (2) radicó de forma culposa, negligente, dolosa, temeraria e ilegalmente tres casos previos sobre los mismos hechos, contratos y partes, (3) se negó a permitir la subrogación y subordinación en la hipoteca ampliada y (4) de forma, incumplidora, dolosa, culposa y negligente le impidió cumplir la obligación, porque eliminó la fuente de repago. En su defensa, la apelada adujo que la legalidad de los actos que cuestiona la apelante es parte de los acuerdos entre ORC y el Banco de Desarrollo Económico (BDE) que consta en la propia Reconvención y Demanda contra Terceros. Puntualizo que el hecho de que un acreedor envié dos cartas de cobro, insté acciones judiciales para recobrar su anuencia o se niegue a aceptar la modificación del objeto en garantía no es un acto culposo o negligente que justifique la concesión de un remedio.[5]

Por otro lado, VS advirtió que la apelante adujo que (1) la Ley Número 40 - 2020 eliminó los créditos a los proyectos no comenzados a diciembre de 2019 y que (2) la conducta de los demandados le ocasionó la perdida de créditos contributivos y su inversión para desarrollar un hotel. Según la apelada, esas alegaciones eran insuficientes, porque la apelante no alegó (1) que VS tenía algún deber jurídico con IFJ Corp., relacionado al desarrollo del supuesto hotel, (2) en qué consistía ese deber y cuál era su base legal y (3) la existencia de un nexo causal entre el incumplimiento y los daños alegados. La apelada consideró inverosímil la perdida de créditos por atrasos en el desarrollo, porque alegó que el 24 de enero de 2019 obtuvo el financiamiento

---

[5] Id.

para la construcción del hotel. Igualmente, argumentó que la reconvención no contiene ningún hecho que establezca la relación entre un acto u omisión culposa o negligente de VS y la pérdida de los créditos contributivos y las cantidades alegadas.[6]

Según la apelada los daños alegados por la apelante son especulativos y genéricos. La apelada se refirió a que en la alegación número 114, el apelante la responsabiliza por (1) la pérdida de rentas, (2) los costos de tramitar financiamientos, (3) la merma en el valor de la propiedad por el impacto en su operación, (4) los costos en tramitar los múltiples litigios, (5) las angustias mentales sufridas, (5) la perdida de créditos contributivos y de ingresos anuales y de otros negocios e inversiones. VS insistió en que el hecho de que haya reclamado sus derechos como acreedor y se negara a aceptar cambios a los términos y condiciones pactados, no son razones para responsabilizarle por la pérdida de ingresos y créditos y la merma en el valor de la propiedad.  Por último, la apelada argumentó que (1) cualquier reclamación por daños prescribió, ya que, de sus propias alegaciones, surge su conocimiento desde el año 2018 y en año 2019, (2) el BDE era una parte indispensable que no fue incluida en la reconvención y (3) la reconvención era frívola.

 La parte apelante se opuso a la desestimación.[7] Ambas partes presentaron escritos posteriores en apoyo a sus respectivas posiciones.

Finalmente, el TPI dictó una Sentencia Parcial en la que desestimó sin perjuicio, la Reconvención y Demanda contra Tercero Enmendadas, sosteniendo que sus alegaciones eran concluyentes e insuficientes para sustentar la causa de acción invocada. El foro apelado concluyó que las alegaciones no satisfacían el criterio de

---

[6] Id.

[7] Véase Oposición a Moción de Desestimación en torno a Reconvención Enmendada, radicada por la parte demandante en Sumac #84 y Oposición a Moción Desestimación, Sumac #87, páginas 238 A 417 del apéndice.

plausibilidad, aun en el supuesto de que fueran ciertas. Según consta en la sentencia, ORC alegó que la conducta culposa, dolosa y negligente de VS le impidió construir un hotel y le ocasionó la perdida cuantiosa de dinero. No obstante, el TPI determinó que la apelante no abundó con hechos demostrativos y plausibles en que consistió la conducta que atribuyó a la apelada. Además, resolvió que tampoco contenían los elementos de una causa de acción bajo la Ley Contra el Crimen Organizado, alegación presentada de manera general en los escritos desestimados.

Inconforme, la apelante presentó este recurso en el que alega que:

Erró el HTPI al desestimar (I) la *Reconvención Enmendada* y **(II)** la *Demanda contra Tercero Enmendada* al concluir que los hechos presentados **(A)** son meras alegaciones concluyentes, que no sustentan las causas de acción invocadas y **(B)** no satisfacen el estándar de plausibilidad, toda vez que el pliego alegatorio presentado por las comparecientes contiene una formulación de hechos que son suficientes a tenor con **(1)** la Regla 6.1, **(2)** la Regla 6.5 y **(3)** la Regla 8.3 de los cuales surgen y se configuran diversas causas de acción.

Erró el HTPI al desestimar **(I)** la *Reconsideración Enmendada* y **(II)** la *Demanda contra Terceros Enmendada* al concluir que los hechos presentados no son convincentes de su faz toda vez que al sí decidir **(A)** si se obvió el escrutinio requerido al evaluar una moción de desestimación bajo el inciso (5) de la Regla 10.2, **(B)** dirimió, dio credibilidad y adjudicó las alegaciones presentadas por la parte apelante, **(C)** violentó el debido proceso de ley que le asiste a los apelantes y **(D)** privó a los apelantes de la oportunidad de tener su día en corte para hacer valer en los méritos la legitimidad de sus reclamaciones.

II

A

**Las Alegaciones**

La redacción de una demanda no requiere el cumplimiento de requisitos complicados. La Regla 6.1 de Procedimiento Civil, 32 LPRA Ap. V solo exige que exponga una relación sucinta y sencilla de hechos que demuestren que la peticionaria tiene derecho a un remedio y la solicitud del remedio que se crea tener derecho. El

Tribunal Supremo de Puerto Rico ha dicho que basta con que incluya una información inicial escueta de los hechos, que podrá ampliarse como resultado de los procedimientos posteriores al descubrimiento de prueba. Las alegaciones de la demanda no tienen que exponer detalladamente todos los hechos que dan base a la reclamación. Los demandados únicamente tienen que ser razonablemente prevenidos de lo que los demandantes intentan reclamar. El objetivo de las alegaciones es meramente informar a la parte contraria, de manera general de las reclamaciones en su contra, para que comparezcan a defenderse si lo desean. La Regla 6.5 de Procedimiento Civil, 32 LPRA Ap. V establece que las aseveraciones de las alegaciones tienen que ser sencillas, concisas y directas. Su redacción no exige formulas técnicas. No obstante, la demanda deberá incluir un mínimo de detalle que informe los actos lesivos alegados que causaron el perjuicio también alegado. Las alegaciones deben contener un grado suficiente de información sobre las imputaciones, que permita a la demandada entender la sustancia de lo que se debe defender. La demanda no tiene que especificar la disposición legal al amparo de la que se reclama, porque es suficiente que de los hechos alegados surja una causa de acción bajo cualquier ley. *Rivera Candela v Universal Insurance Company,* 2024 TSPR 99*; Luis Torres v. Rivera Lebrón,* 204 DPR 20, 40-41 (2020); *Dorante v. Wrangler de PR,* 145 DPR 408, 414 (1998).

B

**Moción de Desestimación**

El Tribunal Supremo de Puerto Rico ratificó la norma aplicable a la moción de desestimación en *Rivera Candela v Universal Insurance Company, supra* y en *Costa Elena y otros v Magic Sport y Otros* 213 DPR 523, 533-524 (2024). En estos casos señalo que el momento de evaluar una moción de desestimación basada en

la falta de una causa de acción que justifique la concesión de un remedio, los tribunales tienen que hacer el análisis siguiente:

1. tomar como ciertos todos los hechos bien alegados y aseverados de manera clara y concluyente,
2. evaluar las alegaciones conjuntamente,
3. determinar si la demanda establece una reclamación plausible que justifique la concesión de un remedio de acuerdo con los hechos que determinó ciertos y a la situación más favorable al demandante,
4. Interpretar la demanda lo más liberalmente posible a favor de la demandante,
5. toda duda debe resolverse a favor de la demandante,
6. deben quedar convencidos de que el promovente estableció con toda certeza que el demandante no tiene derecho a remedio alguno, bajo cualquier estado de derecho que pueda probar en apoyo a su reclamación,

Reitero que la privación a un litigante de su día en corte solo procede en casos extremos. De igual manera reconoció que la demanda debe desestimarse si no cumple con el análisis de plausibilidad. Los tribunales no pueden permitir la procedencia de una demanda insuficiente, con el pretexto de que las alegaciones colusorias podrán probarse durante el descubrimiento de prueba. *Costa Elena y otros v Magic Sport y Otros,* pág. *524*

III

En fin, los errores señalados se reducen a determinar, si el Tribunal de Primera Instancia desestimó la Reconvención y Demanda contra Terceros Enmendadas correctamente. Los argumentos de la parte apelante no nos convencen. Concluimos que el TPI desestimó la Reconvención y Demanda contra Terceros Enmendadas correctamente, porque sus alegaciones son insuficientes para establecer una causa de acción contra la apelada. Repasemos en detalle cada una de las alegaciones:

1. Los reconvinentes y demandantes contra terceros son parte integrante de conglomerado corporativo que se dedica a la

conceptualización, diseño, desarrollo, mantenimiento y operación de inmuebles para uso comercial, turístico y residencial.

La alegación primera no establece una causa de acción que justifique la concesión de un remedio, ya que ni siquiera se refiere a la apelada.

2. La demanda que inicia este caso es la cuarta demanda que por los mismos hechos y contratos ha radicado VS PR, LLC.

La presentación de demandas judiciales de por si no constituye un acto culposo o negligente, que establezca una causa de acción y justifique la concesión de un remedio.

3. VS PR, LLC aduce ha sido capitalizada con meros $100.00, y adquirió los derechos que reclama tener, por irrisorios $10.00.

Los hechos alegados no constituyen un acto u omisión culposa o negligente de la apelante, que ocasionó daños a la apelante y originó una causa de acción a su favor. La apelante no alega como la conducta que imputa a la apelada le ocasionó daños, ni cuáles son esos daños.

4. VS PR, LLC fue creada para el propósito de tramitar el cobro y ejecución de los derechos que reclama tener, todo como agente y alter ego de sus entidades afiliadas, en el grupo Valstone.

Los hechos alegados, no constituyen un acto u omisión culposa o negligente de la apelada que ocasionó daños a la apelante y dio lugar a una a causa de acción a su favor. La apelante no incluyó hechos que establezcan que lo alegado afectó sus derechos y le ocasionó daños.

5. El grupo Vaistone es un conglomerado de corporaciones de responsabilidad limitada, que se dedica a buscar y explotar oportunidades financieras que le generen altos rendimientos.

Los hechos alegados, no constituyen un acto u omisión culposa o negligente de la apelada que ocasionó daños a la apelante y originó una causa de acción a su favor. La apelante no incluyó

hechos que establezcan que lo alegado afectó sus derechos y le ocasionó daños

6. VS, PR, LLC y las terceras demandadas forman parte del conglomerado Valstone.

Los hechos alegados, no establecen un acto u omisión culposa o negligente de la apelada que ocasionó daños a la apelante y estableció una causa de acción a su favor. La apelante no imputó a la apelada un hecho u omisión culposo o negligente en su contra.

7. Uno de los mecanismos que utiliza el grupo Valstone para generar altos rendimientos es identificar entidades necesitadas, adquieren documentos financieros a descuento y proceden al cobro para generar el incremento posible.

Los hechos alegados, no constituyen un acto u omisión culposa o negligente de la apelada que ocasionó daños a la apelante, y estableció una causa de acción a su favor.

8. Osvaldo Rivera Cruz es una persona natural mayor de edad, casado, de profesión Ingeniero, residente de San Juan, Puerto Rico, su dirección es 700 Calle Concordia, San Juan PR 00907-4309, dirección postal PO BOX 9042, San Juan PR 00908-0042; teléfono (787) 725-2729.

Los hechos alegados, no constituyen un acto u omisión culposa o negligente de la apelada que ocasionó daños a la apelante y estableció una causa de acción a su favor.

9. ORC Miramar, Corp. (ORC) es una corporación organizada y existente bajo las leyes de Puerto Rico, que en todo momento pertinente ha sido dueña en pleno dominio de solar identificado como finca número 438, inscrita al folio 218 del tomo 379 de Santurce, Sur, sección Primera de San Juan.

Los hechos alegados no constituyen un acto u omisión culposa o negligente de la apelada que ocasionó daños a la apelante y estableció una causa de acción a su favor.

10. ORC tiene oficinas principales ubicadas en 700 Calle Concordia, San Juan PR 00907-4309, dirección postal PO BOX 9042, San Juan PR 00908-0042. Teléfono (787) 725-2729.

Los hechos alegados, no constituyen un acto u omisión culposa o negligente de la apelada que ocasionó daños a la apelante y estableció una causa de acción a su favor.

11. IFJ, Corp. es una corporación íntima con fines de lucro, organizada y existente bajo las leyes de Puerto Rico **("IFJ").** Su agente residente es Rivera Cruz. Su dirección es: 700 Calle Concordia, San Juan PR 00907-4309; dirección postal: PO BOX 9042, San Juan PR 00908-0042.

Los hechos alegados, no constituyen un acto u omisión culposa o negligente de la apelada que ocasionó daños a la apelante y originó una causa de acción a su favor.

12. Vaistone **Fund Management IV, LLC,** es una entidad creada bajo las leyes de otra jurisdicción y no está autorizada a hacer negocios en Puerto Rico, informa su dirección es 260 E.Brown St. Suite 250, Birmingham, MI 48009. Su teléfono es (248) 646-9200.

Los hechos alegados, no constituyen un acto u omisión culposa o negligente de la apelada que ocasionó daños a la apelante, y originó una causa de acción a su favor.

13. VS PR, LLC alega ser una corporación organizada, dice esta, que bajo las leyes de otra jurisdicción y sus únicos negocios y actividad son en Puerto Rico, su capitalización es de cien dólares, lo que la hace no plausible como ente jurídico y carente de independencia alguna. Informa su dirección como 260 East Brown,

Suite 250 Birmingham, Michigan 48009, su teléfono es (248) 646-9200.

Los hechos alegados, no constituyen un acto u omisión culposa o negligente de la apelada que ocasionó daños a la apelante y originó una causa de acción a su favor.

14. VS VI Holdings, **LLC.** informa ser una corporación de responsabilidad limitada creada bajo las leyes de Delaware, que en relación a los hechos en estas alegaciones ha realizado múltiples funciones en Puerto Rico y para que tengan efecto en Puerto Rico, por ejemplo, es el miembro administrador de VS **PR, LLC,** entre otros actos, y subsidiaria de y controlada por ValStone Opportunity Fund VI.AIV I, LLC, también creada bajo las leyes de Delaware, con oficinas principales en 260 East Brown, Suite *250* Birmingham, Michigan 48009. Su teléfono es (248) 646-9200.

Los hechos alegados no constituyen un acto u omisión culposa o negligente de la apelada que ocasionó daños a la apelante y originó una causa de acción a su favor.

15. Richard Huddleston es una persona natural, mayor de edad, ejecutivo y es quien en Puerto Rico general y directamente actuó a nombre de VS Fund Management VI, LLC, y de VS PR, LLC residente de Michigan, y su dirección de negocios es la misma de la corporación 260 East Brown, Suite *250* Birmingham, Michigan 48009. Su teléfono es (248) 646-9200.

Los hechos alegados no constituyen un acto u omisión culposa o negligente de la apelada que ocasionó daños a la apelante y originó una causa de acción a su favor.

16. Por información (deposición oral), representación y creencia el Sr Huddleston se reporta a y sigue las instrucciones del Sr Gerald C. Timmis III, en todo lo relacionado a los hechos de este caso.

Los hechos alegados no constituyen un acto u omisión culposa o negligente de la apelada que ocasionó daños a la apelante y originó una causa de acción a su favor.

17. Gerald C. Timmis III es una persona natural, mayor de edad, ejecutivo y es quien en Puerto Rico general y directamente actuó a nombre de VS Fund Management VI, LLC, y simultáneamente a nombre de VS PR, LLC cuando el 28 de junio de 2019 transfirió por $10.00, a VS PR, LLC (anejo 13 de la demanda) todos los derechos relativos a la demanda que inicia este caso. Es residente de Michigan, y su dirección de negocios es la misma de la corporación 260 East Brown,Suite 250 Birmingham, Michigan 48009. Su teléfono es (248) 646-9200, su correo electrónico es *gtimmis@valstonrpartners.com*.

Los hechos alegados no constituyen un acto u omisión culposa o negligente de la apelada que ocasionó daños a la apelante y originó una causa de acción a su favor.

18. Fulano de Tal es una persona natural, mayor de edad, de nombre desconocido, que activamente participó de forma culposa, negligente, dolosa, e/o intencional en la cadena de hecho que ha causado daños a los reconvinentes y demandantes contra terceros, probablemente está relacionado al grupo y conglomerado Valstone.

Los hechos alegados no constituyen un acto u omisión culposa o negligente de la apelada que ocasionó daños a la apelante y originó una causa de acción a su favor. Además, es una alegación generalizada y vaga.

19. Aseguradora Desconocida es una compañía de seguros que tiene póliza emitida que cubre los errores, omisiones y conducta desplegada por oficiales y directores y por los terceros demandados.

Los hechos alegados no constituyen un acto u omisión culposa o negligente de la apelada que ocasionó daños a la apelante y originó una causa de acción a su favor.

20. Las corporaciones WTB Partners Corp., Exelix Construction, Corp., Osvaldo Rivera &Associates, P.S.C., DT Consulting Engineering Corp., Aldre Development, Corp., y JV Consulting Engineering Corp son entes jurídicos organizados y existentes bajo las leyes de Puerto Rico, que no reclaman en reconvención ni en demanda contra terceros. Han sufrido daños, pero sus daños son pocos en comparación con los daños de los reconvinentes.

Los hechos alegados no constituyen un acto u omisión culposa o negligente de la apelada que ocasionó daños a la apelante y originó una causa de acción a su favor. También las alegaciones se refieren a un tercero que no es parte de la demanda. contra terceros.

21. Iván Muñoz es una persona natural, mayor de edad, residente de Puerto Rico, que en varias ocasiones actuó como agente y/o empleado en representación de VS PR, LLC.

Los hechos alegados no constituyen un acto u omisión culposa o negligente de la apelada que ocasionó daños a la apelante y originó una causa de acción a su favor.

22. Los codemandados, reconvinentes y demandantes contra terceros sostienen que la radicación de la demanda en este caso fue inoficiosa y que este Honorable Tribunal carece de jurisdicción, por los fundamentos expresados en SUMAC 10, en SUMAC 22, en SUMAC 33, en SUMAC *35* y en SUMAC 44, los que se incorporan por referencia.

La alegación es una conclusión, que no establece los hechos por los que la demanda es inoficiosa y que el tribunal no tiene jurisdicción para atenderla. La apelante no imputa a la apelada

actos u omisiones culposas o intencionales en su contra que le ocasionaron daños y originaron una causa de acción a su favor.

23. IFJ Corp. es dueña de inmueble ubicado en Miramar, San Juan, Puerto Rico.

Los hechos alegados no constituyen un acto u omisión culposa o negligente de la apelada que ocasionó daños a la apelante y originó una causa de acción a su favor.

24. IFJ, Corp., en o alrededor del 25 de mayo de 2010 sometió al Municipio de San Juan Solicitud de Evaluación de Propuesta de Revitalización de Centro Urbano o Zona Histórica ante el Municipio de San Juan. Se propuso la construcción de un hotel de 70 habitaciones en el inmueble perteneciente a IFJ, Corp.

Los hechos alegados no constituyen un acto u omisión culposa o negligente de la apelada que causó daños a la apelante y originó una causa de acción a su favor.

*25.* En o alrededor del 9 de diciembre de 2010, se emitió aprobación por el Municipio de San Juan a la Propuesta de Revitalización por el Municipio de San Juan $18,500,000 créditos contributivos equivalentes al 100 % costo de construcción.

Los hechos alegados no constituyen un acto u omisión culposa o negligente de la apelada que ocasionó daños a la apelante y originó una causa de acción a su favor. La alegación no está relacionada con la apelada.

26. IFJ, Corp. se dio a la tarea de diseñar, generar planos y obtener permisos de construcción para el hotel de 70 habitaciones, para lo que invirtió sustanciales cuantías.

Los hechos alegados no constituyen un acto u omisión culposa o negligente de la apelada que ocasionó daños a la apelante y originó una causa de acción a su favor. No está relacionado con la apelada.

27. El 16 de noviembre de 2012 ORC Miramar firmó contrato de financiamiento con el Banco de Desarrollo de Puerto Rico, pagadero en plazos mensuales, y el saldo por plazo en globo en cinco años.

Los hechos alegados no constituyen un acto u omisión culposa o negligente de la apelada que ocasionó daños a la apelante y originó una causa de acción a su favor. Ni siquiera están relacionados con la apelada., ya que se circunscriben al contrato entre ORC Miramar y BDE.

28. El contrato de préstamo prohíbe a ORC hipotecar su propiedad.

Los hechos alegados no constituyen un acto u omisión culposa o negligente de la apelada que ocasionó daños a apelante, y originó una causa de acción a su favor. Ni siquiera están relacionados con la apelada, ya que se circunscriben al contrato entre la apelante y BDE.

29. El contrato de préstamo prohíbe a ORC vender cualquier parte de su propiedad.

Los hechos alegados no constituyen un acto u omisión culposa o negligente de la apelada que ocasionó daños a la apelante y originó una causa de acción a su favor. Ni siquiera están relacionados con la apelada, ya que se circunscriben al contrato entre la apelante y BDE.

30. El contrato de préstamo prohíbe a ORC tomar prestado.

Los hechos alegados no constituyen un acto u omisión culposa o negligente de la apelada, que ocasionó daños a la apelante y originó una causa de acción a su favor. Ni siquiera están relacionados con la apelada, ya que se circunscriben al contrato entre la apelante y BDE.

31. El contrato de préstamo prohíbe a ORC pagar sus deudas.

Los hechos alegados no constituyen un acto u omisión culposa o negligente de la apelada que ocasionó daños a la apelante y originó una causa de acción a su favor. Ni siquiera están relacionados con la apelada, ya que se circunscriben al contrato entre la apelante y BDE.

32. El contrato de préstamo del año 2012 fue redactado total y unilateralmente por el prestamista Banco de Desarrollo. Es contrato de adhesión.

Los hechos alegados no constituyen un acto u omisión culposa o negligente de la apelada que ocasionó daños a la apelante y originó una causa de acción a su favor. Ni siquiera están relacionados con la apelada, ya que se circunscriben al contrato entre la apelante y BDE.

33. El 16 de noviembre de 2012 el prestamista Banco de Desarrollo exigió y obtuvo la firma de dos pagarés, uno pagadero el día 5 de diciembre de 2017 y por cuantía decreciente.

Los hechos alegados no constituyen un acto u omisión culposa o negligente de la apelada que ocasionó daños a la apelante y originó una causa de acción a su favor. Ni siquiera están relacionados con la apelada, ya que se circunscriben al contrato entre la apelante y BDE.

34. El mismo día 16 de noviembre de 2012 el prestamista Banco de Desarrollo exigió y obtuvo la firma de otro pagaré, intitulado Pagaré Hipotecario, pagadero A LA PRESENTACIÓN, por cuantía fija de $4,600,000.00.

Los hechos alegados no constituyen un acto u omisión culposa o negligente de la apelada que ocasionó daños a la apelante y originó una causa de acción a su favor. Ni siquiera están relacionados con la apelada, ya que se circunscriben al contrato entre la apelante y BDE.

35. Alguno de los dos pagarés o ambos son simulados y/o errados, los documentos son al menos contradictorios.

Los hechos alegados no constituyen un acto culposo o negligente de la apelada que ocasionó daños a la apelante y originó una causa de acción a su favor. Ni siquiera están relacionados con la apelada, ya que se circunscriben al contrato entre la apelante y BDE.

36. Se pretendió hipotecar en garantía la finca identificada en el inciso 26 de la demanda, sin embargo, en la descripción de la colateral bajo el UCC (Anejo 6 de la demanda- Acuerdo de Gravamen Mobiliario, página 2 párrafo Segundo) se identifica toda propiedad, lo que no describe ni identifica activo o propiedad particular alguna. Dicho documento se firmó el 16 de noviembre de 2012, presentado el 9 de enero de 2013.

Los hechos alegados no constituyen un acto u omisión culposa o negligente de la apelada que ocasionó daños a la apelante y originó una causa de acción a su favor. Ni siquiera están relacionados con la apelada, ya que se circunscriben al contrato entre la apelante y el BDE.

37. La Ley de Transacciones garantizadas no reconoce validez a gravamen que pretenda gravar toda propiedad ya que ello es contrario a la naturaleza de un derecho real.

Los hechos alegados no constituyen un acto u omisión culposa de la apelada que ocasionó daños a la apelante y originó una causa de acción a su favor. La alegación solo cita una disposición legal.

38. El Banco de Desarrollo exigió la garantía de otras entidades identificados en cesión de arrendamiento y en garantía personal directa, por el mero hecho de estar relacionadas, sin que ninguno de ellos aportase nada a la viabilidad de la transacción,

todo lo que ocurrió contrario a derecho por el Banco de Desarrollo bajo las leyes de Puerto Rico y otras aplicables.

Los hechos alegados no constituyen un acto u omisión culposa o negligente de la apelada que ocasionó daños a la apelante y originó una causa de acción a su favor. Ni siquiera están relacionados con la apelada, ya que se circunscriben al contrato entre la apelante y BDE.

39. El 19 de diciembre de 2014 se otorgó contrato de financiamiento entre ORC y el mismo Banco de Desarrollo, esta vez por siete cientos mil dólares.

Los hechos alegados no constituyen un acto u omisión culposa o negligente de la apelada que ocasionó daños a la apelante y originó una causa de acción a su favor. Ni siquiera están relacionados con la apelada, ya que se circunscriben al contrato entre la apelante y BDE.

40. Banco de Desarrollo unilateralmente exigió e impuso en manera de adhesión, que la hipoteca inmueble constituida en el año 2012 fuese ampliada (Anejo 7 de la demanda página 10) por la indicada suma para que sirva de colateral al financiamiento.

Los hechos alegados no constituyen un acto u omisión culposa o negligente de la apelada contra la apelante, que originó una causa de acción a su favor. Ni siquiera están relacionados con la apelada, ya que se circunscriben al contrato entre la apelante y BDE.

41. El 19 de diciembre de 2014 se amplió la hipoteca creada, el año 2012.

Los hechos alegados no constituyen un acto u omisión culposa o negligente de la apelada que ocasionó daños a la apelante y originó una causa de acción a su favor. Ni siquiera están relacionados con la apelada, ya que se circunscriben al contrato entre la apelante y BDE.

42. Conforme el contrato firmado el 19 de diciembre de 2014 se estableció vencimiento del financiamiento y de la hipoteca en quince años con pagos mensuales.

Los hechos alegados no constituyen un acto u omisión culposa o negligente que ocasionó daños a la apelante y originó una causa de acción a su favor. Ni siquiera están relacionados con la apelada, ya que se circunscriben al contrato entre la apelante y BDE.

43. Nuevamente el Banco de Desarrollo estableció pagarés vencederos a la presentación por cifra fija, y otro pagadero a plazos.

Los hechos alegados no constituyen un acto u omisión culposa o negligente de la apelada que ocasionó daños a la apelante y originó una causa de acción a su favor. Ni siquiera están relacionados con la apelada, ya que se circunscriben al contrato entre la apelante y BDE.

44. Banco de Desarrollo nuevamente impuso las prohibiciones de vender, de hipotecar de pagar deudas y de obtener financiamiento.

Los hechos alegados no constituyen un acto u omisión culposa o negligente de la apelada que ocasionó daños a la apelante y originó una causa de acción a su favor. No están relacionados con la apelada, ya que se circunscriben al contrato entre la apelante y BDE.

45. El contrato es contradictorio, y también es simulado, al tener una sola hipoteca con dos diferentes vencimientos y términos contradictorios, por ejemplo, el vencimiento en los pagarés tampoco coincide con ninguna de las fechas de vencimiento en los demás documentos.

Los hechos alegados no constituyen un acto u omisión culposa o negligente de la apelada que ocasionó daños a la apelante, y originó una causa de acción a su favor.  No están relacionados con

la apelada, ya que se circunscriben al contrato entre la apelante y BDE.

46. Los contratos de los años 2012 y 2014 son de adhesión habiendo sido redactados los documentos por el Banco de Desarrollo. Se interpretan en contra del banco y todo sucesor suyo.

Los hechos alegados no constituyen un acto u omisión culposa o negligente de la apelada que ocasionó daños a la apelante y originó una causa de acción a su favor. No están relacionados con la apelada, ya que se circunscriben al contrato entre la apelante y BDE.

47. El vencimiento disímil de los contratos. con una sola hipoteca, unido a las prohibiciones a tomar prestado a hipotecar, a pagar, imposibilita que ambos contratos puedan ser cumplidos, e imposibilita fuentes de repago, al retenerse el pagaré por la totalidad y hasta por cuantía reducida.

Los hechos alegados no constituyen un acto u omisión culposa o negligente de la apelada que ocasionó daños a la apelante y originó una causa de acción a su favor. No están relacionados con la apelada, ya que se circunscriben al contrato entre la apelante y BDE.

48. La redacción y estructuración del contrato de financiamiento impide, ha impedido y ha imposibilitado el cumplimiento de la obligación como la han exigido el demandante y los terceros demandados.

Los hechos alegados no constituyen un acto u omisión culposa o negligente de la apelada que ocasionó daños a la apelante y originó una causa de acción a su favor. No están relacionados con la apelada, ya que se circunscriben al contrato entre la apelante y BDE.

49. Es interpretación razonable de los documentos y contratos conexos que el vencimiento de la totalidad de la relación y contratos

es quince años luego del 19 de diciembre de 2014, esto es, diciembre de 2029.

Los hechos alegados no constituyen un acto omisión culposa o negligente de la apelada que ocasionó daños a la apelante y originó una causa de acción a su favor. No están relacionados con la apelada.

50. El 7 de junio de 2016, IFJ obtuvo los permisos de la Oficina General de Permisos OGPe, para el desarrollo y construcción del Hotel en su finca en Miramar.

Los hechos alegados no constituyen un acto u omisión culposa o negligente de la apelada que ocasionó daños a la apelante y originó una causa de acción a su favor. No están relacionados con la apelada.

51. IFJ, Corp se da a la tarea de gestionar y obtener el financiamiento para la construcción del hotel de 70 habitaciones.

Los hechos alegados no constituyen un acto u omisión culposa o negligente de la apelada que ocasionó daños a la apelante y originó una causa de acción a su favor. No están relacionados con la apelada.

52. El Banco de Desarrollo, durante el año 2017 continuó recibiendo los pagos mensuales sin queja o reparo.

Los hechos alegados no constituyen un acto u omisión culposa o negligente de la apelada que ocasionó daños a la apelante y originó una causa de acción a su favor. No están relacionados con la apelada, ya que se circunscriben al contrato entre la apelante y BDE.

53. El hecho que el Banco de Desarrollo no exigió el saldo a diciembre de 2017, ni advirtió incumplimiento, es consistente con que la relación contractual tiene vencimiento a diciembre de 2029.

Los hechos alegados no constituyen un acto u omisión culposa o negligente de la apelada que ocasionó daños a la apelante

y originó una causa e acción a su favor. No están relacionados con la apelada, ya que se circunscriben al contrato entre la apelante y BDE.

54. La conducta de las partes, Banco de Desarrollo y de ORC, abona a que se interpreta la relación contractual como extendida para vencer a quince años, esto es los actos coetáneos y posteriores.

Los hechos alegados no constituyen un acto u omisión culposa o negligente de la apelada que ocasionó daños a la apelante y originó una causa acción a su favor. No están relacionados con la apelada, ya que se circunscriben al contrato entre la apelante y BDE.

55. VS PR y/o VS Fund Management VI y/o VS Holdings informaron a ORC su interés en adquirir el contrato de financiamiento del Banco de Desarrollo, y que investigaban los datos y documentos.

Los hechos alegados no constituyen un acto u omisión culposa o negligente de la apelada que ocasionó daños a la apelante, y originó una causa de acción a su favor.

56. Entre octubre de 2017 y a principios del año 2018 VS PR y/o **VS Fund Management** VI y/o VS Holdings informaron a ORC que conocieron en detalle la condición, términos y documentos del financiamiento, y que tuvo completo acceso al expediente del Banco de Desarrollo.

Los hechos alegados no constituyen un acto u omisión culposa o negligente de la apelada que ocasionó daños a la apelante, y originó una causa de acción a su favor.

57. Resultó que el 15 de mayo de 2017 el Sr Gerald C. Times III en representación de VS Fund Management VI, LLC, firmó contrato intitulado Loan Sale Agreement, con el Banco de Desarrollo.

Los hechos alegados no constituyen un acto u omisión culposa o negligente de la apelada que ocasionó daños a la apelante y originó una causa de acción a su favor.

58. Conforme el Loan Sale Agreement las partes firmaron el mismo día.

Los hechos alegados no constituyen un acto u omisión culposa o negligente de la apelada que ocasionó daños a la apelante y originó una causa de acción a su favor.

59. En o alrededor del 9 de noviembre de 2017 por solicitud de Valstone Asset (o Fund) Management, por conducto de Iván Muñoz, se le envió al grupo Valstone los estados financieros personales de Osvaldo Rivera y el de IFJ, donde establece la inversión y el plan de desarrollo para el Hotel de 70 habitaciones en Miramar.

Los hechos alegados no constituyen un acto u omisión culposa o negligente de la apelada que ocasionó daños a la apelante y originó una causa de acción a su favor.

60. VS PR, ni VS Fund Management VI, LLC ni VS Holdings VI, LLC están autorizados a hacer negocios en Puerto Rico.

Los hechos alegados no imputan a la apelada un acto u omisión culposa o negligente que ocasionó daños a la apelante y originó una causa de acción a su favor. Se trata de una alegación generalizada y una conclusión.

61. Los contratos de financiamiento entre ORC y el Banco de Desarrollo no se inscribieron en la oficina del sino hasta el año 2019, agosto, y no pudieron ser exigibles ante de esa fecha conforme a derecho y sus propios términos.

Los hechos alegados no constituyen un acto u omisión culposa o negligente de la apelada que ocasionó daños a la apelante y originó una causa de acción a su favor. La alegación se circunscribe a la relación contractual entre la apelante y BDE.

62. El Banco de Desarrollo es una instrumentalidad del Gobierno de Puerto Rico.

La alegación no establece hechos constitutivos de un acto u omisión culposa o negligente de la apelada que ocasionó daños a la apelante y originó una causa de acción a su favor. Los hechos alegados ni siquiera están relacionados con la apelada.

63. El 27 de junio de 2017 se otorgó por el Sr. Eric R. Abel, en representación de VS VI bHoldings, LIS el VS PR, LLC, Limited Liability Company Agreement, actuando **VS VI Holdings, LLC** como "sole member and owner de VS PR, LLC".

Los hechos alegados no constituyen un acto u omisión culposa o negligente de la apelada que ocasionó daños a apelante y originó una causa de acción a su favor.

64. Conforme el documento de 27 de junio de 2017 la capitalización de VS PR, LLC es total de $100.00.

Los hechos alegados no constituyen un acto u omisión culposa o negligente de la apelada que ocasionó daños a la apelante y originó una causa de acción en su contra.

65. Conforme el documento del 27 de junio de 2017 denominado Agreement, el miembro VS VI Holdings, LLC como miembro tiene completa potestad para hacer lo negocios bajo ese nombre o cualquier otro nombre que el Manager determine.

Los hechos alegados no constituyen un acto u omisión culposa o negligente de la apelada que ocasionó daños a apelante, y originó una causa de acción a su favor.

66. El Sr. Richard Huddleston informa ser el administrador de VS PR, LLC.

Los hechos alegados no constituyen un acto u omisión culposa o negligente de la apelada que ocasionó daños a la apelada y originó una causa de acción a su favor.

67. El día siguiente, el 28 de junio de 2017 por documento presentado, VS PR, LLC informa haber adquirido los contratos, y la hipoteca por el precio de $10.00 de manos del Banco de Desarrollo.

Los hechos alegados no constituyen un acto u culposo o negligente de la apelada que ocasionó daños a la apelante y originó una causa de acción a su favor.

68. El documento del 28 de junio de 2017 fue firmado en representación de VS Fund Management VI, LLC y también por VS PR, LLC por el Señor Gerald C. Timiss III.

Los hechos alegados no constituyen un acto u omisión culposa o negligente de la apelada que ocasionó daños a la apelante y originó una causa de acción a su favor.

69. El Sr. Gerald C. Tirniss, III de forma culposa, dolosa y negligente estipuló que transfirió el titulo y derechos a VS PR, LLC por diez dólares ($ 10.00), y consideración desconocida.

Los hechos alegados no constituyen un acto u omisión culposa o negligente de la apelada que ocasionó daños a la apelante y originó una causa de acción a su favor. La alegación no incluye los hechos culposos, dolosos y negligentes en los que la apelante fundamenta su reclamo. La transferencia alegada, de por si no constituye una acción culposa, dolosa y negligente.

70. Diez dólares es cantidad crasamente ínfima para causar y/o cometer los negocios de los que trata el asunto.

Los hechos alegados no constituyen un acto u omisión culposa o negligente de la apelada que ocasionó daños a la apelante y originó una causa de acción a su favor.

71. VS PR, LLC en todo momento pertinente ha actuado de forma culposa, negligente, incumplidoras dolosa e ilegal.

Los hechos alegados no constituyen un acto u omisión culposa o negligente de la apelada que ocasionó daños a la apelante y originó una causa de acción a su favor. La alegación es una

conclusión generalizada. La apelante no incluyó los hechos que demuestran que la apelada actuó de esa forma y que su conducta le ocasionó daños.

72. VS PR, LLC al ser un ente jurídico, todos sus actos son desplegados y ejecutados directamente o por instrucciones del Sr Huddleston, el Sr Timiss, su miembro único, VS VI Holdings, LLC y VS Fund Management VI, LLC.

Los hechos alegados no constituyen un acto u omisión culposa o negligente de la apelada que ocasionó daños a la apelante y originó una causa de acción a su favor. La alegación es una conclusión.

73. El contrato por el que VS PR LLC adquirió del Banco de Desarrollo no ha sido inscrito en la Oficina del Contralor de Puerto Rico.

Los hechos alegados no constituyen un acto u omisión culposa o negligente de la apelada que ocasionó daños a la apelante y originó una causa de acción a su favor. La apelante no alegó que esos hechos le ocasionaron daños.

74. No existen datos de otra capitalización de VS PR, LLC excepto aquella con la que fue creada y alega existir VS PR, LLC, esto es de cien dólares.

Los hechos alegados no constituyen un acto u omisión culposa o negligente de la apelada que ocasionó daños a la apelante y originó una causa de acción a su favor. La apelante no alegó que esos hechos le ocasionaron daños.

75. Cien dólares es cantidad irrisoria para poder administrar cosa alguna en los negocios de VS PR, LLC.

Los hechos alegados no constituyen un acto u omisión culposa o negligente de la apelada que ocasionó daños a la apelante y originó una causa de acción a su favor. La apelante no alegó, cómo esos hechos le ocasionaron daños.

76. Entre diciembre y noviembre de 2017, Valstone Fund Management, Valstone Holdings, VS VI Holdings, LLC y VS PR, LLC informaron haber adquirido los contratos de financiamiento con ORC.

Los hechos alegados no constituyen un acto u omisión culposa o negligente de la apelada que ocasionó daños a la apelante y originó una causa de acción a su favor. La apelante no alegó, cómo esos hechos le ocasionaron daños.

77. La adquisición por VS PR. LLC y/o por VS Fund Management VI, LLC 11, de los instrumentos y pagarés fue mucho tiempo luego de haber los pagarás sido emitidos, con fechas de vencimiento contradictorias, antes que hayan podido ser exigibles por su texto, sin haber sido inscritos ante el Contralor de Puerto Rico, y conociendo alegado que alegados incumplimientos no son tales.

Los hechos alegados no constituyen un acto u omisión culposa o negligente de la apelada que ocasionó daños a la apelante y originó una causa de acción a su favor. La apelante no alegó, cómo esos hechos le ocasionaron daños. La alegación es una conclusión. 78. VS PR LLC exigió pago en el año 2017, y nuevamente mayo de 2019, aun cuando los contratos y la hipoteca no estaba vencida, puesto que su vencimiento es en el año 2029, y aún no están inscritos en la Oficina del Contralor.

Los hechos alegados no constituyen un acto u omisión culposa o negligente de la apelada que ocasionó daños a la apelante y originó una causa de acción a su favor. La exigencia de pago no crea una causa de acción a favor del deudor.

79. El 28 de junio de 2018, VS PR, LLC, administrada y controlada por VS Holdings VI, LLC, por el Sr Huddleston y el Sr Timiss II de forma culposa, negligente, dolosa, temeraria e ilegal, demanda en cobro de dinero en el caso SJ2018CV05815, bajo

juramento declarando datos conocidamente falsos, o de los que desconoce su veracidad. Perjurio.

Los hechos alegados no constituyen un acto u omisión culposa o negligente de la apelada que ocasionó daños a la apelante y originó una causa de acción a su favor. La alegación es una conclusión. La apelante no alegó los hechos en los que sustenta que la apelada presentó la demanda de forma culposa, negligente, dolosa, temeraria e ilegal.

80. VS PR, LLC por sí misma, por instrucciones de sus agentes, gerentes y dueños falsamente declaró hechos incluyendo que, VS PR, LLC está autorizada a hacer negocios en Puerto Rico cuando eso no es ni ha sido cierto.

Los hechos alegados no constituyen un acto u omisión culposa o negligente que ocasionó daños a la apelante y originó una causa de acción a su favor. La alegación es una mera conclusión generalizada que no incluye los hechos que sostienen que la apelada hizo declaraciones falsas.

81. El caso SJ2018CV05815 radicado por VS PR, LLC fue desestimado por este HTPI, desestimación que ha sido repetidamente confirmada en alzada.

Los hechos alegados no constituyen un acto u omisión culposa o negligente que ocasionó daños a la apelante y originó una causa de acción a su favor. La alegación es una conclusión generalizada que no establece los hechos culposos negligentes, dolosos, temerarios e ilegales en los que la apelante fundamentó su reclamo. La presentación de una demanda no es un acto culposo o negligente.

82. Al radicarse el caso de autos se encontraba ante el Tribunal Supremo de Puerto Rico recurso de Certiorari donde estaba emitido el auto.

Los hechos alegados no constituyen un acto u omisión culposo o negligente de la apelada que ocasionó daños a la apelante y originó una causa de acción a su favor. La presentación de un recurso apelativo de por si no es un acto culposo o negligente.

83. VS PR, LLC y sus agentes, gerentes, miembros y dueño continuaron exigiendo pago a ORC y los reconvinientes.

Los hechos alegados no constituyen un acto u omisión culposa o negligente de la apelada que ocasionó daños a la apelante y originó una causa de acción a su favor. La exigencia de pago del acreedor no configura una causa de acción a favor del deudor.

84. En o alrededor del 24 de enero de 2019 IFJ Corp. Obtuvo financiamiento por los $18,500,000.00 para la construcción del Hotel en Miramar.

Los hechos alegados no constituyen un acto u omisión culposa o negligente de la apelada que ocasionó daños a la apelante y originó una causa de acción a su favor. Ni siquiera están relacionados con la apelada.

85. Los beneficios que ciertamente generaría la construcción de dicho hotel es el reembolso del 100% de los costos de construcción mediante Créditos Contributivos por igual cantidad, $18,500,000.00.

Los hechos alegados no constituyen un acto u omisión culposa o negligente de la apelada que ocasionó daños a la apelante y originó una causa de acción a su favor. Ni siquiera están relacionados con la apelada.

86. El beneficio por operación del Hotel se estimó en dos millones setecientos mil dólares al año.

Los hechos alegados no constituyen un acto u omisión culposa o negligente de la apelada que ocasionó daños a la apelante

y estableció una causa de acción a su favor. No están relacionados con la apelada.

87. Se proyectó tiempo de construcción de dieciocho meses, con lo que estaría operando para la primera mitad del año 2012.

Los hechos alegados no constituyen un acto u omisión culposa o negligente de la apelada que ocasionó daños a la apelante y estableció una causa de acción a su favor. No están relacionados con la apelada.

88. VS PR, LLC cursó carta de cobro el 15 de mayo de 2019, la que fue firmada por el Sr.Gerald C. Timiss III.

Los hechos alegados no constituyen un acto u omisión culposa o negligente de la apelada que ocasionó daños a la apelante y estableció una causa de acción a su favor. El envío de una carta de cobro no es razón para que nazca una causa de acción a favor del deudor.

89. VS PR, LLC cursó carta de cobro el 18 de julio de 2019 la que fue firmada por el Sr. Gerald Huddleston.

Los hechos alegados no constituyen un acto u omisión culposa o negligente de la apelada que haya ocasionado daños a la apelante y originó una causa de acción a su favor. El mero envío de una carta de cobro no da pie a la existencia de una causa de acción a favor del deudor.

90. ORC gestionó con la banca en Puerto Rico y afuera el dinero para saldar las sumas que se le exigió por VS PR, y sus miembros, gerentes y administradores.

Los hechos alegados no constituyen un acto u omisión culposa o negligente de la apelada que ocasionó daños a la apelante, y originó una causa de acción a su favor. La exigencia del pago de la obligación no da derecho a la apelante a presentar una reclamación contra el apelado.

91. ORC Miramar Corp., con el propósito de mitigar daños, desde el año 2018 estuvo obteniendo gestionando aprobación de financiamiento con la Banca comercial, incluyendo Banco Santander, para satisfacer las exigencias presentadas por VS PR, LLC y sus afiliadas.

Los hechos alegados no constituyen un acto u omisión culposa o negligente de la apelada que ocasionó daños a la apelada y estableció una causa de acción a su favor. La exigencia del pago no le derecho a la apelante a demandar la apelada.

92. ORC exigió a VS PR, LLC. permitiese hipotecar y/o subrogación en el lugar de la hipoteca que se estaría pagando.

Los hechos alegados no constituyen un acto u omisión culposa o negligente de la apelada que ocasionó daños a la apelante y estableció una causa de acción a su favor. El rechazo de la apelada a cambiar los términos del contrato no da derecho a la apelante a presentar una reclamación por daños en su contra.

93. VS PR, LLC se negó a permitir subrogación y subordinación de la parte de la hipoteca ampliada que se estará pagando.

Los hechos alegados no constituyen un acto u omisión culposa o negligente de la apelada que ocasionó daños a la apelante y estableció una causa de acción a su favor. La alegación no está sustentada con hechos que establezcan que la apelada se niega a permitir la subrogación y subordinación de forma culposo y negligente.

94. Con tal conducta la demandante y sus agentes, Valstone Fund Management VI LLC, VS Holdings VI, LLC, el Sr Huddleston y el Sr Timiss, de forma incumplidora, dolosa, culposa y negligente hizo imposible el cumplimiento al eliminar la fuente de repago que siempre se supo existiría, i.e. refinanciar. Mora creditoria y excepción de contrato no cumplido.

Esta alegación tiene que interpretarse conjuntamente, con la número 93. La alegación es generalizada y una mera conclusión. La apelante alega que la apelada actuó de forma dolosa, culposa y negligente. No obstante, no establece los hechos por los que sostiene que la apelada incurrió en esa conducta.

95. Fund Management, IV, LLC y sus oficiales usan a VS PR, LLC como su alter ego, sufragando sus gastos, determinando su operación, y usándola como bolsillo y escudo propio, sin que exista autonomía fiscal, económica, independencia física, ni de negocio propio.

Los hechos alegados no constituyen un acto u omisión culposa o negligente de la apelada que ocasionó daños a la apelante, que establezca la concesión de un remedio a su favor. La apelante no alegó como los hechos que imputa a la apelada le han ocasionado daños.

96. Conforme, el contrato ha sido implantado por VS PR, LLC. y Valstone Fund Management, IV, LLC. posterior a la fecha en que adquirió, ha imposibilitado el cumplimiento y haciéndolo más gravoso.

Los hechos alegados no constituyen un acto u omisión culposa o negligente de la apelada que ocasionó daños a la apelante y estableció una causa de acción a su favor. La alegación es una conclusión, la apelante no incluyó los hechos que sustentan que la apelada le ha impedido el cumplimiento y lo ha hecho más gravoso.

97. VS PR ha radicado tres casos judiciales previos sobre los mismos hechos, contratos, reclamos y las mismas partes.

Los hechos alegados no constituyen un acto u omisión culposa o negligente de la apelada que ocasionó daños a la apelante y estableció una causa de acción a su favor. La presentación de

casos judiciales no da pie a una acción de daños y perjuicios a favor del demandado.

98. ORC, IFJ, Corp. y el Sr Rivera apercibieron a VS PR, LLC y sus miembros, administradores, dueños y agentes, del grave daño inminente que su conducta amenaza causar a IFJ, a ORC y al Sr Rivera, al imposibilitar e1 desarrollo de Hotel aprobado y la pérdida de $ 18,5000,000.0 en créditos contributivos.

Los hechos alegados no constituyen un acto u omisión culposa o negligente de la apelada que ocasionó daños a la apelante y originó una causa de acción a favor. La apelante no alegó los hechos que sustentan que la apelada impidió el desarrollo del Hotel y le causó daños.

99. VS PR, LLC y sus miembros, administradores, dueños y agentes, respondieron exigiendo saldo del principal, intereses con, sobre cargo, **penalidad por pago anticipado y penalidad por pago tardío.**

Los hechos alegados no constituyen un acto u omisión culposa o negligente de la apelada, que ocasionó daños a la apelante y originó una causa de acción a su favor. La exigencia de saldo por sí sola, no es razón para que la apelante presente una demanda contra la apelada.

100. Los cargos unilateralmente impuestos por VS PR, LLC y sus miembros, administradores, dueños y agentes, llevaron los números nuevamente fuera de lo factible pata mitigar el daño y entregar a VS PR, LLC y sus miembros, administradores, dueños y agentes sus exageradas exigencias.

Los hechos alegados no constituyen un acto u omisión culposa o negligente de la apelada que ocasionó daños a la apelante. La exigencia de cumplir con los acuerdos del contrato de préstamo no es razón para que la apelante presente una demanda por daños contra la apelada.

101. En o alrededor del 16 de abril de 2020 de aprueba la Ley Núm. 40 del año 2020, que se conocía estaba en consideración, la misma enmendó la ley de Revitalización de Centro Urbano o Zona Histórica y eliminó la posibilidad de recibir los créditos a proyectos que no hubiesen comenzado a diciembre de 2019.

Los hechos alegados no constituyen un acto u omisión culposa o negligente de la apelada que ocasionó daños a la apelante y originó una causa de acción a su favor. La alegación se circunscribe a citar una disposición legal.

102. La conducta desplegada por VS PR, LLC, sus miembros, administradores, dueños y agentes, incluyendo el Sr Timiss III, Huddleston, VS Holdings y VS Fund Management, causaron la pérdida de los créditos contributivos, y la inversión realizada para desarrollar el hotel.

Los hechos alegados no constituyen un acto u omisión culposa o negligente de la apelada que ocasionó daños a la apelante y originó una causa de acción a su favor. La apelante no alegó los hechos que demuestran que la apelada causó la perdida de los créditos contributivos y la inversión realizada para desarrollar el hotel.

103. Dos de los casos previamente radicados por VS PR, LLC son el 19-01855 de epígrafe VS PR, LLC v. ORC Miramar and others, y el caso SJ 2019CV08273 de epígrafe VS PR, LLC, ORC Miramar y otros.

Los hechos alegados no constituyen un acto u omisión culposa o negligente de la apelada que ocasionó daños a la apelante y originó una causa de acción a su favor. La presentación de demandas judiciales no crea una causa de acción a favor de la demandada. La apelante no alegó hechos que

demuestren que la apelada presentó las demandas culposas o negligentementes y que le ocasionó daños.

104. VS PR LLC, voluntariamente desistió de tramitar cada uno de los dos casos identificados en el párrafo anterior.

Los hechos alegados no constituyen un acto u omisión culposa o negligente de la apelada que ocasionó daños a la apelante y originó una causa de acción a su favor. El desistimiento voluntario de una reclamación judicial no crea una causa de acción por daños a favor de la parte demandada. La apelante no alegó hechos que establezcan que la apelada desistió de forma culposa o negligente y le ocasionó daños.

105. Conforme la Regla 39.1 de Procedimiento Civil el desistimiento de dos casos sobre el mismo asunto, reclamos y partes constituye cosa juzgada.

Los hechos alegados no constituyen un acto u omisión culposa o negligente de la apelada que ocasionó daños a la apelante y originó una causa de acción a su favor. La alegación es una conclusión de derecho.

106. La corte federal careció de jurisdicción para tramitar el caso 19-01855, ya que, VS PR, LLC tiene la ciudadanía de cada uno de sus miembros y tiene varios miembros que carecen de ciudadanía, "Stateless", entidades que son parte y brazo de un estado.

Los hechos alegados no constituyen un acto u omisión culposa o negligente de la apelada que ocasionó daños a la apelante y originó una causa de acción a su favor.

107. Todo dictamen de la corte federal sobre los méritos del caso 19-01855 carece de validez por falta de jurisdicción.

Los hechos alegados no constituyen un acto u omisión culposa o negligente de la apelada que ocasionó daños a la apelante

y estableció una causa de acción a su favor. La alegación es una conclusión que no imputa hechos u omisiones a la apelada.

108. El presente caso fue radicado mientras estuvo vedado tramitar el mismo por haberse emitido el auto de certiorari por el Tribunal Supremo de Puerto Rico en el recurso CC-2019-0519.

Los hechos alegados no constituyen un acto u omisión culposa o negligente de la apelada que ocasionó daños a la apelante y estableció una causa de acción a su favor. La presentación de un caso judicial no da pie a una causa de acción a favor del demandado. La alegación no incluye hechos que establezcan que la apelada presentó la demanda negligente o culposamente y que su presentación ocasionó daños a la apelante.

109. Los demandados y los reconvinentes identificados, que se les reclama han sido garantizadores, han sido perjudicados en su derecho de subrogación por los actos y omisiones de VS PR, por cuantía que excede los reclamos que VS PR reclama, por lo que han sido liberados de toda putativa obligación hacia VS PR.

Los hechos alegados no constituyen un acto u omisión culposa o negligente de la apelada que ocasionó daños a la apelante y estableció una causa de acción a su favor. La alegación es una conclusión, en la que no se alegan hechos para sustentar que la apelada impidió la subrogación de forma ilegal.

110. Por los hechos antes descritos los reconvinentes, en ley, derecho y equidad, no adeudan suma alguna a VS PR, quien les ha causado daños al cobrar lo indebido, interferir con contratos vigentes y relaciones ventajosas de negocio y al retener propiedad que no le corresponde ni pertenece.

Esta alegación tiene que interpretarse juntamente con las que anteceden. Al igual que las anteriores, los hechos alegados no constituyen un acto u omisión culposa o negligente de la apelada que ocasionó daños a la apelante y estableció una causa de acción

a su favor. La apelante no alegó hechos que demuestren que la apelada cobró indebidamente, intervino con contratos vigentes, se aprovechó de relaciones ventajosas, retuvo propiedad que no le pertenece y que su conducta ocasionó daños a la apelante.

111. Los daños causados a ORC Miramar, IFJ, Corp y a Osvaldo Rivera por los descritos actos y omisiones de VS PR son cuantía que excede varios millones de dólares, al impedir desarrollar nuevo Hotel, facilidades, retrasar e o impedir otros desarrollos en gestación.

Esta alegación tiene que interpretarse juntamente con las otras alegaciones. Al igual que las anteriores, la apelante no alegó los hechos que sustentan que la apelada cometió actos y omisiones en su contra que le ocasionaron daños.

112. Las corporaciones WTB Partners Corp.; Exelix Construction, Corp., Osvaldo Rivera & Associates, P.SC.; DT Consulting Engineering Corp.; Aldre Development, Corp.; y JV Consulting Engineering, no han hecho negocio adicional, al estar inactivas, pero han permanecido inactivas al no poderse desarrollar otros negocios, en la que alguna de ellas hubiese participado como Osvaldo Rivera & Associates.

Los hechos alegados no constituyen un acto u omisión culposa o negligente de la apelada que ocasionó daños a la apelante y estableció una causa de acción a su favor. La alegación es una conclusión, que no está fundamentada con hechos que demuestren que las acciones de la apelada ocasionaron daños a la apelante.

113. Osvaldo Rivera, al verse imposibilitado de atender sus contratos y los reclamos infundados de VS PR ha sufrido serias angustias mentales, los que se valoran en más de mil quinientos dólares diarios.

Los hechos alegados no constituyen un acto u omisión culposa o negligente de la a apelada que ocasionó daños a la

apelante y originó una causa de acción a su favor. La alegación es una conclusión generalizada. La apelante no alegó los hechos que sustentan que la apelada le impidió atender sus contratos y que su reclamo era infundado.

114. La culpa, negligencia, incumplimientos y dolo de VS PR, LLC, Timiss, Huddleston,VS Holdings VI, LLC y de Valstone Fund Management IV, LLC ha causado daños a los reconvinientes incluyendo los siguientes:

> a) amenaza y probable perdida de rentas al hacer insegura la retención de título, loque se estima en sobre $85,000.00 mensuales;
> b) costos de tramitar los financiamientos que VS PR, LLC, VS Holdings VI, LLC,
> y de Valstone Fund Management IV, LLC y terceros demandados obstaculizaron e impidieron, estimado en $250,000.00 y $180,000.00;
> c) merma en valor de la propiedad por impacto en su operación, estimado en exceso
> de cuatro millones de dólares;
> d) costos e tramitar los múltiples litigios, estimado en exceso de $350,000.00;
> e) angustias mentales del Sr Osvaldo Rivera, estimado en $1,500.00 diarios desde el
> temprano en el año 2018;
> f) pérdida de los créditos contributivos por valor de $18,500,000.00 para IFJ, Corp.;
> g) pérdida de ingresos anuales para IFJ, Corp, para ORC Miramar y para el Sr Rivera,
> en no menos de $200,000.00 mensuales, sin considerar excess cash flow;
> h) pérdida de otros negocios e inversiones estimado en exceso de $2,650.000.00.

**Patrón de actividad delictiva.**

Esta alegación tiene que interpretarse juntamente con las otras alegaciones. Al igual que las anteriores, la apelante no alegó hechos que sustenten que la apelada cometió actos y omisiones en su contra que le ocasionaron daños. La alegación es una conclusión, sin hechos que demuestren que apelada actuó con culpa, negligencia, y dolo y que ocasionó daños a la apelante.

115. Cada vez que VS PR, LLC Timiss, Huddleston, VS Holdings VI, LLC y de Valstone Fund Management IV, LLC han exigido el pago de lo que se les adeuda amenazando con demandar

y causar daños, constituye un evento de extorsión y apropiación ilegal.

La exigencia del pago de una deuda y la advertencia de demandar no son una acción culposa, que origine una causa de acción a favor del deudor al que se le reclama. La apelante no alega hechos que sustenten que las actuaciones de la apelada constituyen un evento de extorsión y apropiación ilegal.

116. El grupo de entidades del conglomerado Valstone operan como una empresa para generar grandes beneficios.

Los hechos alegados no constituyen un acto u omisión culposa o negligente de la apelada que ocasionó daños a la apelante, y originó una causa de acción a su favor. La apelante concluye que la apelada opera para recibir grandes beneficios. No obstante, no sustenta con hechos cómo llegó a esa conclusión. Tampoco alegó, cómo eso afecta sus derechos y le ocasiona daños.

117. El grupo de entidades del conglomerado Valstone persiguiendo alcanzar su fin recurren a presionar los prestatarios amenazándoles con causar daño no merecido y en abuso de derecho, de derecho, de esa forma exceden los límites lícitos en su conducta e incurren en perjurio, dolo, de esa forma exceden los limites lícitos en su conducta e incurren en perjuicio, dolo, extorsión, apropiación ilegal, abuso de derecho y de proceso.

Esta alegación tiene que interpretarse juntamente con las otras alegaciones. Al igual que en las anteriores, la apelante no alegó hechos que sustenten que la apelada cometió actos y omisiones en su contra que le ocasionaron daños. La alegación es una conclusión, sin hechos que demuestren que apelada actuó de la forma alegada.

118. La conducta de VS PR, LLC Timiss, Huddleston, VS Holdings VI, LLC y de Valstone Fund Management IV, LLC es conforme define la ley contra el Crimen Organizado de Puerto Rico,

lo que confiere derecho a remedios adicionales a los reconvinientes y demandantes contra terceros.

La alegación es una conclusión que no establece los hechos en los que se fundamenta.

Luego de analizar cada una de las alegaciones, conforme a los criterios establecidos en *Rivera Candela v Universal Insurance Company* supra y en *Costa Elena y otros v Magic Sport y otros* supra, resolvemos que procede desestimar la Reconvención Enmendada y la Demanda Contra Tercero Enmendada.

Aun dando como ciertos todos los hechos bien alegados, la apelante no tiene derecho a una causa de acción que justifique la concesión de un derecho.

IV

Se confirma la sentencia apelada en la que el Tribunal de Primera Instancia desestimó la Reconvención Enmendada y la Demanda Contra Tercero Enmendada.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones